1

2

3

4

5

6

7

8                        United States District Court

9                       Eastern District of California

10

11

12  Fred Leon Jackson, Jr.,

13          Plaintiff,                No. Civ. S 05-0800 LKK PAN P

14      vs.                           Order

15  Teresa A. Schwartz, et al.,

16          Defendants.

17                              -oOo-

18      Plaintiff is a state prisoner without counsel prosecuting

19  this civil rights action in forma pauperis.  May 20, 2005, the

20  court found plaintiff stated a claim and directed him to submit

21  papers for service of process.  July 11, 2005, plaintiff filed an

22  amended complaint.

23      The complaint states a cognizable claim for relief against

24  defendants Moreno, Veal, Khoury, Bick, Nakamoto, Piazza, Schwartz

25  and Powell pursuant to 42 U.S.C. § 1983 and 28 U.S.C.

26  § 1915A(b).

1    The complaint does not state a claim against Cry, Variz,
2 Gomez or the Doe defendants.  Plaintiff's claims against these
3 defendants are dismissed.

4    Plaintiff may proceed forthwith to serve defendants Moreno,
5 Veal, Khoury, Bick, Nakamoto, Piazza, Schwartz and Powell and
6 pursue his claims against only those defendants or he may delay
7 serving any defendant and attempt to state a cognizable claim
8 against defendants Cry, Variz, Gomez and the Doe defendants.

9    If plaintiff elects to attempt to amend his complaint to
10 state a cognizable claim against defendants Cry, Variz, Gomez and
11 the Doe defendants, he has 45 days so to do.  He is not obligated
12 to amend his complaint and if he does it unavoidably will delay
13 this litigation.

14    If plaintiff elects to proceed forthwith against defendants
15 Moreno, Veal, Khoury, Bick, Nakamoto, Piazza, Schwartz and
16 Powell, against whom he has stated a cognizable claim for relief,
17 then within 15 days he must return materials for service of
18 process enclosed herewith.  In this event the court will construe
19 plaintiff's election as consent to dismissal of all claims
20 against defendants Cry, Variz, Gomez and the Doe defendants
21 without prejudice.

22    Any amended complaint must show the federal court has
23 jurisdiction, the action is brought in the right place and
24 plaintiff is entitled to relief if plaintiff's allegations are
25 true.  It must contain a request for particular relief.
26 Plaintiff must identify as a defendant only persons who

1   personally participated in a substantial way in depriving

2   plaintiff of a federal constitutional right.  <u>Johnson v. Duffy</u>,

3   588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to

4   the deprivation of a constitutional right if he does an act,

5   participates in another's act or omits to perform an act he is

6   legally required to do that causes the alleged deprivation).  If

7   plaintiff contends he was the victim of a conspiracy, he must

8   identify the participants and allege their agreement to deprive

9   him of a specific federal constitutional right.

10       In an amended complaint, the allegations must be set forth

11  in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may

12  join multiple claims if they are all against a single defendant.

13  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim

14  based upon separate transactions or occurrences, the claims must

15  be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

16       The federal rules contemplate brevity.  <u>See</u> <u>Galbraith v.</u>

17  <u>County of Santa Clara</u>, 307 F.3d 1119, 1125 (9th Cir. 2002)

18  (noting that "nearly all of the circuits have now disapproved any

19  heightened pleading standard in cases other than those governed

20  by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth

21  rare exceptions to simplified pleading).

22       Plaintiff's claims must be set forth in short and plain

23  terms, simply, concisely and directly.  <u>See</u> <u>Swierkiewicz v.</u>

24  <u>Sorema N.A.</u>, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting

25  point of a simplified pleading system, which was adopted to focus

26  litigation on the merits of a claim."); Fed. R. Civ. P. 8.

1    Plaintiff must eliminate from plaintiff's pleading all

2  preambles, introductions, argument, speeches, explanations,

3  stories, griping, vouching, evidence, attempts to negate possible

4  defenses, summaries, and the like.  McHenry v. Renne, 84 F.3d

5  1172 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for

6  violation of Rule 8 after warning); see Crawford-El v. Britton,

7  523 U.S. 574, 597 (1998) (reiterating that "firm application of

8  the Federal Rules of Civil Procedure is fully warranted" in

9  prisoner cases).  It is sufficient, for example, for a prisoner

10  who claims the conditions of his imprisonment violate the Eighth

11  Amendment prohibition against cruel and unusual punishment to

12  allege that an identified state actor used force against

13  plaintiff maliciously and sadistically for the very purpose of

14  causing harm.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

15  (On the other hand, prison officers imposing discipline act in

16  haste, under pressure and without the luxury of a second chance;

17  therefore, no Eighth Amendment violation occurs where force is

18  applied to maintain or restore discipline but not maliciously and

19  sadistically.)

20    The court (and defendant) should be able to read and

21  understand plaintiff's pleading within minutes.  McHenry, supra.

22  A long, rambling pleading including many defendants with

23  unexplained, tenuous or implausible connection to the alleged

24  constitutional injury, or joining a series of unrelated claims

25  against many defendants, very likely will result in delaying the

26  review required by 28 U.S.C. § 1915 and an order dismissing

plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation
of these instructions.

If plaintiff's pleading is deficient on account of an
omission or technical defect, the court will not dismiss it
without first identifying the problem and giving plaintiff an
opportunity to cure it.  Noll v. Carlson, 809 F.2d 1446 (9th Cir.
1986).  Plaintiff's pleading will be construed "liberally" to
determine if plaintiff has a claim but it will be dismissed if
plaintiff violates the federal rules, once explained, or the
court's plain orders.

An amended complaint must be complete in itself without
reference to any prior pleading.  Local Rule 15-220; see Loux v.
Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an
amended complaint, the original pleading is superseded.

Plaintiff is admonished that by signing a second-amended
complaint he certifies he has made reasonable inquiry and has
evidentiary support for his allegations and that for violation of
this rule the court may impose sanctions sufficient to deter
repetition by plaintiff or others.  Fed. R. Civ. P. 11.  Prison
rules require plaintiff to obey all laws, including this one, and
plaintiff may be punished by prison authorities for violation of
the court's rules and orders.  See 15 Cal. Admin. Code § 3005.

Title 42 of the United States Code § 1997e(a) provides that
a prisoner may bring no § 1983 action until he has exhausted such
administrative remedies as are available to him.  The requirement
is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001).  A

1  California prisoner or parolee may appeal "any departmental

2  decision, action, condition, or policy which they can demonstrate

3  as having an adverse effect upon their welfare."  15 California

4  Administrative Code § 3084.1, et seq.  An appeal must be

5  presented on a CDC form 602 that asks simply that the prisoner

6  "describe the problem" and "action requested."  Therefore, this

7  court ordinarily will review only claims against prison officials

8  within the scope of the problem reported in a CDC form 602 or an

9  interview or claims that were or should have been uncovered in

10  the review promised by the department.  Plaintiff further is

11  admonished that by signing an amended complaint he certifies his

12  claims are warranted by existing law, including the law that he

13  exhaust administrative remedies, and that for violation of this

14  rule plaintiff risks dismissal of his entire action, including

15  his claims against defendants Moreno, Veal, Khoury, Bick,

16  Nakamoto, Piazza, Schwartz and Powell.

17      Accordingly, the court hereby orders that:

18      1. Claims against defendants Cry, Variz, Gomez and the Doe

19  defendants are dismissed with leave to amend.  Within 45 days of

20  service of this order, plaintiff may amend his complaint to

21  attempt to state cognizable claims against these defendants.

22  Plaintiff is not obliged to amend his complaint and if he does it

23  inevitably will delay this litigation.

24      2.  The pleading states cognizable claims against defendants

25  Moreno, Veal, Khoury, Bick, Nakamoto, Piazza, Schwartz and

26  Powell.  With this order the Clerk of the Court shall provide to

1  plaintiff a blank summons, a copy of the pleading filed July 11,

2  2005, a copy of the motion for a preliminary injunction filed May

3  16, 2005, 8 USM-285 forms and instructions for service of process

4  on defendants Moreno, Veal, Khoury, Bick, Nakamoto, Piazza,

5  Schwartz and Powell.  Within 15 days of service of this order

6  plaintiff may return the attached Notice of Submission of

7  Documents with the completed summons, the completed USM-285

8  forms, and nine copies of the July 11, 2005, first-amended

9  complaint.  Since plaintiff already submitted eight copies of the

10 May 16, 2005, motion for a preliminary injunction, he shall

11 submit one additional copy.  The court will transmit them to the

12 United States Marshal for service of process pursuant to Fed. R.

13 Civ. P. 4.  Defendants Moreno, Veal, Khoury, Bick, Nakamoto,

14 Piazza, Schwartz and Powell will be required to respond to

15 plaintiff's allegations within the deadlines stated in Fed. R.

16 Civ. P. 12(a)(1).  In this event, the court will construe

17 plaintiff's election to proceed forthwith as consent to an order

18 dismissing his defective claims against defendants Cry, Variz,

19 Gomez and the Doe defendants without prejudice.

20      Dated:  November 29, 2005.

21                              /s/ Peter A. Nowinski

22                              PETER A. NOWINSKI
                                Magistrate Judge

23

24

25

26

7

1

2

3

4

5

6

7

8                         United States District Court

9                       Eastern District of California

10

11

12  Fred Leon Jackson, Jr.,

13          Plaintiff,              No. Civ. S 05-0800 LKK PAN P

14      vs.                         Notice of Submission of Documents

15  Teresa A. Schwartz, et al.

16          Defendants.

17                             -oOo-

18      Plaintiff hereby submits the following documents in

19  compliance with the court's order filed _____:

20              1        completed summons form

21              8        completed forms USM-285

22              9        copies of the July 11, 2005 amended complaint

23  _____1_____   copy of the    May 16, 2005, motion

24  Dated: _____

25                        _____
                          Plaintiff
26