IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRED LEON JACKSON, JR.,

    Plaintiff,                     No. CIV S-05-0800 LKK PAN P

    vs.

TERESA A. SCHWARTZ, et al.,

    Defendants.             ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges, inter alia, that defendants, all employed at California Medical Facility, were deliberately indifferent to his serious medical needs and transferred him to Soledad in retaliation for plaintiff's pending lawsuits against prison officials. On January 27, 2006, plaintiff filed a request to amend his complaint. It also appears by plaintiff's February 21, 2006 filing that plaintiff intends to include additional claims.[1] Good cause appearing, plaintiff's complaint will be dismissed and plaintiff will be granted thirty days in which to file an amended complaint.

---

[1] In his February 21 filing, plaintiff notes two other cases pending in the Northern District. Plaintiff is cautioned that any amended complaint filed herein shall only contain claims pertinent to the instant action, not to his actions pending in other courts.

1

Plaintiff has previously filed several motions for temporary restraining orders concerning various actions taken by prison officials at Soledad State Prison. Plaintiff seeks orders directed against prison officials who are not parties to this action. The court is generally unable to issue orders against individuals who are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969). Because plaintiff's complaint is being dismissed with leave to amend, plaintiff's motions will be denied without prejudice to their renewal. Plaintiff is cautioned that claims concerning actions taken by prison officials at Soledad are more appropriately raised in the United States District Court for the Northern District of California.

If plaintiff chooses to file an amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. Plaintiff's prior motions are denied without prejudice; the Clerk of the Court is directed to terminate all pending motions.

DATED: February 23, 2006.

UNITED STATES MAGISTRATE JUDGE

/001; jack0800.14a