IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRED LEON JACKSON, JR.,

        Plaintiff,                No. CIV S-05-0800 LKK EFB P

    vs.

TERESA S. SCHWARTZ, et al.,

        Defendants.       <u>ORDER</u>

_____/

    Plaintiff is a state prisoner without counsel prosecuting a civil rights action. *See* 42 U.S.C. § 1983. On February 24, 2006, the court dismissed plaintiff's complaint with leave to amend. On April 19, 2006, plaintiff filed an amended complaint. On April 24, 2006, plaintiff filed a motion for a preliminary injunction.

    The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states a claim that defendants M. Veal, J. Bick, N. Khoury, and S. Moreno were deliberately indifferent to his serious medical needs by transferring plaintiff to a prison that could not treat his serious medical conditions, and that these same defendants ensured this transfer in retaliation for plaintiff's exercise of his First Amendment rights. 28 U.S.C. § 1915A.

    For the reasons stated below, the court finds that the complaint does not state a cognizable claim against defendants M. Veal, S. Moreno, J. Bick, N. Khoury or R. Nakamoto for

conspiracy to retaliate against him.  Nor does he state any claim against M. Cry, R. Piazza, T. Schwartz, Gomez, Variz or Grannis.

Plaintiff may proceed forthwith to serve defendants M. Veal, J. Bick, N. Khoury, and S. Moreno and pursue his cognizable claims against only those defendants or he may delay serving any defendant and attempt, again, to correct the deficiencies in his other claims.

If plaintiff elects to attempt to amend his complaint to correct his deficient claims, he has 30 days so to do.  He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants M. Veal, S. Moreno, J. Bick, N. Khoury or R. Nakamoto, against whom he has stated cognizable claims for relief, then within 20 days he must return materials for service of process enclosed herewith.  In this event the court will construe plaintiff's election as consent to dismissing his defective claims without prejudice.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

1   heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

2   84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

3        Plaintiff's claims must be set forth in short and plain terms, simply, concisely and

4   directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting

5   point of a simplified pleading system, which was adopted to focus litigation on the merits of a

6   claim."); Fed. R. Civ. P. 8.

7        Plaintiff must eliminate from his pleading all preambles, introductions, argument,

8   speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible

9   defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996)

10  (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El*

11  *v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of

12  Civil Procedure is fully warranted" in prisoner cases).

13       Plaintiff alleges the following: (1) M. Veal, S. Moreno, J. Bick, N. Khoury and R.

14  Nakamoto conspired to arrange for plaintiff's transfer to Salinas Valley State Prison in

15  retaliation for plaintiff's exercise of his right of access to the courts, Amended Comp. at 13-14;

16  (2)  M. Veal and S. Moreno conspired to use the order in *Plata v. Schwarzenegger*, 2005 WL

17  2932243 (N. D. Cal. 2005), to transfer plaintiff to Salinas Valley State Prison in retaliation for

18  plaintiff's exercise of his right of access to the courts, Amended Comp. at 11; (3) M. Cry, R.

19  Piazza, T. Schwartz, Gomez, Variz and Grannis violated his rights by rejecting his

20  administrative grievances and by conspiring to reject his grievances, Amended Comp. at 16 - 18;

21  and (4) M. Veal, S. Moreno, J. Bick, N. Khoury violated his rights under Title II of the

22  Americans with Disabilities Act by transferring him to SVSP despite his medical problems,

23  Amended Comp. at 13.

24       Section 1983 of Title 42 of the United States Code creates a cause of action against

25  persons who, while acting under color of state law, deprive another of a right secured to him by

26  the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48-49 (1988).   To

3

1    state a claim for violation of the Due Process Clause of the Fourteenth Amendment, a plaintiff

2    must allege a defendant denied plaintiff a specific right protected by the federal constitution

3    without procedures required by the constitution to ensure fairness, or deliberately abused his

4    power without any reasonable justification in aid of any government interest or objective and

5    only to oppress in a way that shocks the conscience. *Sandin v. Connor*, 515 U.S. 472, 483-84

6    (1995); *Daniels v. Williams*, 474 U.S. 327, 31 (1986); *Board of Regents of State Colleges v.*

7    *Roth*, 408 U.S. 564, 569 (1972).  A prisoner does not have a constitutional right to be housed at a

8    particular facility, *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Olim v. Wakinekona*, 461 U.S.

9    238, 245-49 (1983).  Nor is there a "legitimate claim of entitlement to a [prison] grievance

10   procedure." *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

11          To state a claim for retaliation, plaintiff must allege that on a specified date an individual

12   state actor took adverse action against plaintiff for his engagement in a constitutionally protected

13   activity and the adverse action chilled plaintiff's exercise of his rights and did not reasonably

14   advance a legitimate penological goal.  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir.

15   2005);  *Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985).  To state a claim for conspiracy,

16   plaintiff must allege specific facts showing two or more persons intended to accomplish an

17   unlawful objective of causing plaintiff harm and took some concerted action in furtherance

18   thereof.  *Gilbrook v. City of Westminster*, 177 F.3d 839 (9th Cir. 1999); *Burns v. County of King*,

19   883 F.2d 819, 822 (9th Cir. 1989) (conclusory allegations of conspiracy insufficient to state a

20   valid § 1983 claim); *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989)(plaintiff failed to

21   allege specific facts showing agreement and concerted action among defendants); *see also*,

22   *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998)(to state claim for conspiracy under § 1983,

23   plaintiff must allege facts showing an agreement among the alleged conspirators to deprive him

24   of his rights); *see also*, *Delew v. Wagner*, 143 F.3d 1219, 1223 (9th Cir. 1998) (to state claim for

25   conspiracy under § 1983, plaintiff must allege at least facts from which such an agreement to

26   deprive him of rights may be inferred).

To state a claim under Title II of the A.D.A. plaintiff must allege:  (1) he is disabled; (2) he is eligible, with or without accommodation, to receive or participate in a public entity's services, programs or activities; (3) the entity excluded him from participation in or denied him the benefits of its services, programs or activities, or otherwise discriminated against him; and (4) the exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.

Plaintiff's allegations do not state a claim under any of these theories.

The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1179-80.  A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

If plaintiff's pleading is deficient on account of an omission or technical defect, the court will not dismiss it without first identifying the problem and giving plaintiff an opportunity to cure it. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  Plaintiff's pleading will be construed "liberally" to determine if plaintiff has a claim but it will be dismissed if plaintiff violates the federal rules, once explained, or the court's plain orders.

An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001).  A California prisoner or parolee may appeal "any

departmental decision, action, condition, or policy which they can demonstrate as having an

adverse effect upon their welfare."  15 California Administrative Code § 3084.1, et seq.   An

appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the

problem" and "action requested."  Therefore, this court ordinarily will review only claims

against prison officials within the scope of the problem reported in a CDC form 602 or an

interview or claims that were or should have been uncovered in the review promised by the

department.  Plaintiff is further admonished that by signing an amended complaint he certifies

his claims are warranted by existing law, including the law that he exhaust administrative

remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including

his cognizable claims.

Accordingly, the court hereby orders that:

1.  Plaintiff's conspiracy and A.D.A. claims are dismissed with leave to amend.  Within

30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable

claims against these defendants.  Plaintiff is not obliged to amend his complaint.

2.  The allegations in the pleading are sufficient at least to state cognizable claims against

defendants M.. Veal, J. Bick, N. Khoury, and S. Moreno for deliberate indifference to his serious

medical needs and for retaliation.  *See* 28 U.S.C. § 1915A.  With this order the Clerk of the

Court shall provide to plaintiff a blank summons, a copy of the pleading filed April 19, 2006,

with any and all attachments, and a copy of the motion for a preliminary injunction filed April

24, 2006, four USM-285 forms and instructions for service of process on defendants M.. Veal, J.

Bick, N. Khoury, and S. Moreno.  Within 20 days of service of this order plaintiff may return the

attached Notice of Submission of Documents with the completed summons, the completed

USM-285 forms, and five copies of the endorsed April 19, 2006, complaint (with any and all

attachments submitted therewith the date he filed it) and five copies of the motion for a

preliminary injunction filed April 24, 2006.  The court will transmit them to the United States

Marshal for service of process pursuant to Fed. R. Civ. P. 4.  Defendants M.. Veal, J. Bick, N.

1  Khoury, and S. Moreno will be required to respond to plaintiff's complaint and motion within

2  the deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this event, the court will construe plaintiff's

3  election to proceed forthwith as consent to an order dismissing his defective claims without

4  prejudice.

5  Dated:  March 19, 2007.

6

7  EDMUND F. BRENNAN
   UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   FRED LEON JACKSON, JR.,

11              Plaintiff,                    No. CIV S-05-0800 LKK EFB P

12        vs.

13   TERESA S. SCHWARTZ, et al.,

14              Defendants.           NOTICE OF SUBMISSION OF DOCUMENTS

15   _____/

16        Plaintiff hereby submits the following documents in compliance with the court's order

17   filed _____:

18              ___1___        completed summons form

19              ___4___        completed forms USM-285

20              ___5___        copies of the __April 19, 2006 &  April 24, 2006___
                               Amended Complaint &  Motion for Preliminary Injunction
21

22   Dated:

23                                   _____
                                                Plaintiff
24

25

26

8