IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRED LEON JACKSON, JR.,

        Plaintiff,                         No. CIV S-05-0800 LKK EFB P

    vs.

TERESA A. SCHWARTZ, et al.,

        Defendants.               FINDINGS AND RECOMMENDATIONS

                                   /

        Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. In the April 19, 2006, amended complaint, he alleges that defendants Veal, Moreno, Bick and Khoury were deliberately indifferent to his serious medical needs by transferring him from California Medical Facility (CMF) to Salinas Valley State Prison (SVSP) and that Veal, Moreno, Bick and Khoury transferred him in retaliation for his filing lawsuits. Plaintiff has moved for a temporary restraining order and a preliminary injunction. He seeks an order directing Teresa A. Schwartz to transfer him back to CMF.

        A temporary restraining order ("TRO") is available to an applicant for a preliminary injunction when the applicant may suffer irreparable injury before the court can hear the application for a preliminary injunction. Fed. R. Civ. P. 65(b) (motion for preliminary injunction shall be set for hearing at earliest possible time after entry of temporary restraining order);

1

*Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 439 (1974). It is an extraordinary and drastic remedy to be granted as an exception rather than as the rule. *Sid Berk, Inc. v. Uniroyal, Inc.,* 425 F.Supp. 22, 28 (C.D. Cal. 1977). The issuance of a TRO is the exercise of a very far reaching power which should never be indulged except where clearly warranted. *Tymo Industries, Inc. v. Tapeprinter Inc.*, 326 F.2d 141, 143 (9th Cir. 1964), cited in *Sierra Club v. Hickel*, 433 F.2d 24, 33 (9th Cir. 1970). Apart from showing the necessity for immediate relief, applicants for a TRO must meet the same standards as for a preliminary injunction. *See, e.g., Hunt v. National Broadcasting Co., Inc.*, 872 F.2d 289, 292 (9th Cir. 1989); *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983).

The preliminary injunction standard is well established in this circuit. A preliminary injunction will not issue unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a very far reaching power never to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). To prevail upon an application for a prohibitory preliminary injunction, plaintiff must demonstrate either probable success on the merits and the possibility of irreparable injury, or serious questions regarding the merits of his claims and a balance of hardships tipping sharply in his favor. *Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1134 (9th Cir. 1979). If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly. *Benda v. Grand Lodge of the International Association of Machinists*, 584 F.2d 308, 315 (9th Cir. 1978). The threatened injury must be immediate. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980). And since the remedy is equitable in nature, there must be no adequate remedy at law. *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994). If the relief sought is mandatory, as it is here, rather than prohibitory, the

balance must more clearly favor the applicant. *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

Plaintiff alleges that on January 21, 2005, defendant Moreno threatened plaintiff with transfer from CMF to SVSP because plaintiff had filed lawsuits. He alleges that he objected to transfer on the ground that he has medical needs that cannot be satisfied at SVSP and his custody level was not high enough to justify such a transfer. Nonetheless, on February 10, 2005, he was transferred to SVSP. The day after the transfer he had a mild heart attack, after which the attending physicians concluded that plaintiff's medical conditions could not be properly treated at SVSP. Plaintiff also alleges that defendants Bick and Khoury specifically refused to accept plaintiff back at CMF. Even though officials at SVSP have on at least three separate occasions recommended that plaintiff be returned to CMF, defendants refuse to accept plaintiff on the ground that there are no available beds.

The court again notes that the relief plaintiff seeks, i.e., an order directing that he be moved from one prison to another, is mandatory. Thus, his burden is especially high. He has failed to satisfy this burden. While he has addressed his claims, and made specific allegations regarding the claim of retaliation, he has not shown any likelihood of success on the merits. Furthermore, while he has adduced evidence that SVSP officials believed that plaintiff's medical needs could not be met there, plaintiff's situation has changed. Since filing his motion, plaintiff has been transferred to High Desert State Prison ("HDSP"), which his attachments suggest can provide the care he needs. *See* Motion for TRO, filed April 24, 2006, Ex. B. Nothing in the record suggests that plaintiff could be returned to SVSP any time soon. Indeed, if facility officials have the authority to refuse a prisoner, as plaintiff's allegations suggest, and plaintiff's attachments showing that SVSP officials did not want him there, it is very unlikely that he will be transferred back to SVSP. Thus, it appears that plaintiff is not at risk of immediate, irreparable harm.

////

1   Plaintiff has not demonstrated that he is entitled to the relief he seeks.

2   Accordingly, it is hereby recommended that the April 24, 2006, motion be denied.

3   These findings and recommendations are submitted to the United States District Judge
4   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after
5   being served with these findings and recommendations, any party may file written objections
6   with the court and serve a copy on all parties.  Such a document should be captioned "Objections
7   to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the
8   specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158
9   F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

10  Dated: July 17, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE