IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRED LEON JACKSON, JR.,

    Plaintiff,                       No. CIV S-05-0800 LKK EFB P

    vs.

TERESA A. SCHWARTZ, et al.,      ORDER DENYING REQUEST FOR
                                                      CONTINUANCE (Fed. R. Civ. P. 56(f))
    Defendants.

_____/

       Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. This action proceeds on the April 19, 2006, amended complaint in which plaintiff claims that defendants Veal, Khoury and Moreno were deliberately indifferent to his serious medical needs when they decided to transfer him to a prison where his serious medical needs could not be treated and that this transfer was in retaliation for plaintiff filing grievances. On December 11, 2007, defendants moved for summary judgment. On January 2, 2008, plaintiff filed a motion to continue summary judgment proceedings to allow him to conduct additional discovery. For the reasons explained, the court finds that the motion to continue must be denied.

**I.    Standards Applicable to Rule 56(f) Motion**

       A court may deny a motion for summary judgment or continue proceedings thereon to permit discovery when an opposing party shows by affidavit that it cannot present facts essential

1

to justify the party's opposition. Fed. R. Civ. P. 56(f).  As the party opposing summary judgment, plaintiff's burden to prevail on this motion is high:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f).  This standard requires the party seeking a continuance to "identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).  In their motion, defendants assert that plaintiff cannot demonstrate a genuine issue with respect to whether they were deliberately indifferent or with respect to whether the transfer was motivated by animus based on plaintiff's grievances against them.  The court considers whether plaintiff has satisfied his burden under Rule 56(f) with respect to each claim in turn.

## II. Analysis

Plaintiff has failed to satisfy his burden with respect to his first claim, i.e., that Veal, Khoury and Moreno were deliberately indifferent to his serious medical needs when they decided to transfer him to a prison where his medical needs could not be treated.   In their motion for summary judgment, defendants assert that they reviewed plaintiff's medical file and determined it was safe to transfer him out of CMF.  Plaintiff seeks additional time to discover facts showing that defendants knew that his medical needs were so serious that they could be met only at CMF, yet transferred him anyway.  Thus, he seeks to create a genuine issue about the essential element of deliberate indifference.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (to be deliberately indifferent, an official must "be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").  However, plaintiff does not by affidavit assert what specific facts he could discover.  Nor does he offer any explanation of why the facts he seeks would preclude summary

judgment. Plaintiff's general assertion does not satisfy Rule 56(f). Therefore, plaintiff's motion must be denied with respect to his claim of deliberate indifference.

For like reason, plaintiff's motion with respect to his retaliation claim must fail. He asserts that he can discover evidence that defendants did not transfer him based on a legitimate penological reason. *See Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir.1994) (per curiam) (a plaintiff can survive summary judgment on a retaliation claim by submitting evidence that defendants took some action against him "for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals). In their motion for summary judgment, defendants argue that they decided to transfer plaintiff in the wake of a major class action lawsuit that required them to provide a higher level of medical care to a large number of prisoners. In order to accomplish this, they had to transfer some prisoners, including plaintiff, out of CMF. Plaintiff wants time to discover facts showing that defendants knew he should not have been transferred as part of this need to accommodate other prisoners. Rather, they were motivated by plaintiff's exercise of his First Amendment rights. Again, plaintiff's assertions are too general. He has not identified by affidavit any specific facts that further discovery would reveal, or shown why those facts would preclude summary judgment. Therefore, his Rule 56(f) motion must also be denied with respect to this claim.

## III. Conclusion

For the reasons explained above, plaintiff has not shown that the proposed further discovery would assist him in defeating defendants' motion. Plaintiff's Rule 56(f) motion must therefore be denied.

////

////

////

////

////

3

1  Accordingly, it is ORDERED that plaintiff's January 2, 2008, motion to postpone
2 consideration of the motion for summary judgment is denied.  Plaintiff has 30 days from the date
3 of this order to file an opposition or a statement of no-opposition to defendants' motion.
4 Dated: February 13, 2008.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE