IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRED LEON JACKSON, JR.,

       Plaintiff,                    No. CIV S-05-0800 LKK EFB P

   vs.

TERESA A. SCHWARTZ, et al.,

       Defendants.           ORDER

_____/

       Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. Currently pending are plaintiff's March 27, 2008, motion to vacate the court's orders directing him to file an opposition or statement of no opposition to defendants' motion for summary judgment and the March 31, 2008, request that defense counsel be admonished for alleged misconduct. For the reasons explained below, plaintiff's motion and request are denied. Plaintiff will be given one final opportunity to file an opposition or statement of no opposition to the motion for summary judgment.

**I.    Procedural History**

       This action proceeds on the April 19, 2006, amended complaint. On April 27, 2007, the court notified plaintiff of the requirements for opposing a motion for summary judgment and that his failure to oppose such a motion could be deemed a waiver of opposition. Plaintiff was

further cautioned that failure to comply with the Local Rules of this Court could result in a recommendation of dismissal.

The defendants filed their answer on June 21, 2007. Thus, the court issued a discovery and scheduling order on July 2, 2007, setting dates by which the parties were to have completed discovery and filed dispositive motions. On December 11, 2007, defendants timely filed a motion for summary judgment. *See* Fed. R. Civ. P. 56. Therefore, plaintiff had until January 2, 2008, to file an opposition or statement of no opposition. *See* L. R. 78-230(m); Fed. R. Civ. P. 6(a)(3).

Instead of opposing the motion, on January 2, 2008, plaintiff filed a request to postpone consideration of the motion for summary judgment so that he could obtain additional discovery. *See* Fed. R. Civ. P. 56(f). The court denied that request on February 13, 2008, and gave plaintiff 30 days to file his opposition. On February 27, 2008, plaintiff requested that the district judge reconsider that order. On March 17, 2008, the district judge affirmed the order, and gave plaintiff 30 days to file an opposition or a statement of no opposition to the motion for summary judgment. Instead of complying with the district judge's order, plaintiff filed the motion to vacate the order directing him to file an opposition, which is currently pending before the court. Plaintiff has not filed an opposition or a statement of no opposition to the motion for summary judgment. Neither has he intimated that he intends to respond to that motion in any way.

**II.     Motion to Vacate**

Plaintiff requests that the court vacate the prior orders directing him to respond to the motion for summary judgment. He alleges that there is an enforceable settlement agreement which defendant has refused to honor. The existence of the settlement agreement, he asserts, relieves him of any obligation to respond to the motion for summary judgment. However, there is no evidence to support the conclusion that a settlement agreement has been reached here. General contract principles govern settlement. *Perfumebay.com Inc. v. Ebay, Inc.*, 506 F.3d 1165, 1178 (9th Cir. 2007). Thus, an action may be settled only by an agreement that consists of

terms sufficiently definite that performance is reasonably certain. *Id.*, at 1178. The Local Rules of this Court require the parties who have agreed upon the terms of settlement promptly to notify the court of the agreement, whereupon the court will set a date by which the parties must file dispositional papers. *See* L.R. 16-160. In support of his motion, he submits documents related to the parties' attempts to settle this action. These documents show that plaintiff wanted his transfer to the California Medical Facility to be part of the agreement. Pl.'s Mot. to Vac., Exs. A, C. Counsel for defendants initially seemed to think that defendants would be amenable to such a term. *Id.*, Ex. A. On investigation, however, counsel learned that the California Department of Corrections and Rehabilitations ("CDCR") could not and would not make decisions to transfer a prisoner based solely on a settlement of a lawsuit, and he notified plaintiff of this fact. *Id*.

Plaintiff also submits a form settlement agreement and a form settlement and stipulation for dismissal. *Id*. Plaintiff's signature appears on both documents. However, the signature of counsel for the defendant does not. There is no evidence that a final settlement agreement was ever reached. Furthermore, no notice of any settlement agreement appears on the court's docket. Thus, it appears that the parties attempted to settle this action but could not arrive at a final agreement. In the absence of such an agreement, plaintiff *must* respond to the motion for summary judgment.

It is clear that plaintiff simply cannot avoid either responding to the defendants' motion for summary judgment or, alternatively, facing the consequences of his failure to do so. In cases in which one party is incarcerated and proceeding without counsel, motions ordinarily are submitted on the record without oral argument. L.R. 78-230(m). "Opposition, if any, to the granting of the motion shall be served and filed with the Clerk by the responding party not more than eighteen (18) days, plus three (3) days for mailing or electronic service, after the date of service of the motion." *Id*. A responding party's failure "to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the

motion and may result in the imposition of sanctions." *Id*.  Furthermore, a party's failure to comply with any order or with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." L.R. 11-110. The court may recommend that an action be dismissed with or without prejudice, as appropriate, if a party disobeys an order or the Local Rules. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1252 (9th Cir. 1992) (district court did not abuse discretion in dismissing *pro se* plaintiff's complaint for failing to obey an order to re-file an amended complaint to comply with Federal Rules of Civil Procedure); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for *pro se* plaintiff's failure to comply with local rule regarding notice of change of address affirmed). On April 27, 2007, the court advised plaintiff of the requirements for filing an opposition to the motion, that failure to oppose such a motion could be deemed a waiver of opposition to the motion and that failure to comply with the Local Rules could result in a recommendation of dismissal. Plaintiff *must* file either an opposition or a statement of no opposition to the motion for summary judgment. Failure to do so will result in a recommendation that this action be dismissed.

### III. Request to Admonish Counsel

Plaintiff requests that the court admonish counsel for misconduct, i.e., breaching their settlement agreement.[1]  As noted above, the correspondence and documents plaintiff submitted do not show that final agreement was reached. The proposed agreement is signed by plaintiff but not by counsel for defendants. This court has examined these documents in some detail and it is apparent from the documents that plaintiff and defendants' counsel discussed the possibility that plaintiff voluntarily would dismiss this action with prejudice in exchange for the CDCR

---

[1] There is no question that this court has the responsibility of supervising the conduct of attorneys who appear before it. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *Erickson v. Newmar Corporation*, 87 F.3d 298, 303 (9th Cir. 1996); *Trust Corp. v. Piper Aircraft Corp.*, 701 F.2d 85, 87 (9th Cir. 1983). This responsibility carries with it the inherent power to impose sanctions in the event counsel acts in bad faith, thereby abusing the judicial process. *See Chambers*, 501 U.S. at 46-48; *Erickson*, 87 F.3d at 303.

arranging for him to be transferred to the California Medical Facility. Pl.'s Req., at 5. However, after investigating this possibility, counsel for defendant discovered that transferring plaintiff to the facility of his choice was not a term to which the defendant could agree. Counsel notified plaintiff of this fact on February 29, 2008. *Id.*, at 4. Furthermore, counsel attempted to explain that while he offered to settle the matter, they never completed the process by entering into an agreement. Pl.'s Mot. to Vac., Ex. C. It also appears that plaintiff mailed to defendant's counsel correspondence which counsel never received. *Id.* There is no evidence that, as plaintiff seems to suggest, that counsel ignored plaintiff's correspondence. Neither is there any evidence that counsel in any way mislead plaintiff or made a binding promise which he then refused to honor. The court finds that counsel did not engage in any conduct that remotely could be characterized as having been taken in bad faith. Plaintiff's request for an admonishment is denied.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's March 27, 2008, motion to vacate prior orders is denied;

2. Plaintiff's March 31, 2008, request that the court admonish counsel is denied; and,

3. Within 20 days of the date of this order, plaintiff shall file either an opposition to the motion for summary judgment or a statement of no opposition. Failure to comply with this order will result in a recommendation that this action be dismissed.

DATED: May 13, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE