UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRED LEON JACKSON,

        NO. CIV. S-05-800 LKK EFB P

    Plaintiff,

  v.                          O R D E R

TERESA A. SCHWARTZ,

    Defendant.

_____/

    The court is in receipt of plaintiff's filing (Dock. No. 87), which argues that the parties have previously entered into a valid settlement agreement. On June 18, 2008, this court ordered the state to respond to plaintiff's filing. In its response, the state argues that no written settlement agreement was ever reached, because plaintiff never signed and sent the agreement back to defendant, and the offer was revoked on February 29, 2008. Decl. of Christopher Becker ¶¶ 8, 9. Furthermore, the state argues (but has not submitted any evidence to prove) that plaintiff did not orally accept any offer over the phone on February 13, 2008.

The court will assume, for purposes of argument, that no valid written agreement was reached because the state never signed the agreement.[1]  Nevertheless, it is unclear whether a valid oral settlement agreement was reached.

Because the settlement pertains to federal claims, the court is governed by federal common law, rather than state law. See Stroman v. W. Coast Grocery Co., 884 F.2d 458, 461 (9th Cir. 1989) (holding that the interpretation and validity of a release of claims under Title VII was governed by federal law); Hamilton v. Willms, No. 02-CV-6583 AWI, 2007 WL 2558615, at *7 (E.D. Cal. Sept. 4, 2007) ("[I]f an action was originally filed in Federal Court under federal question jurisdiction, such as this one, federal common law controls an attorney's actions concerning stipulations and settlement.").

"[U]nder federal law, oral settlement agreements are enforceable." Taylor v. Gordon Flesch Co., Inc., 793 F.2d 858, 862 (7th Cir. 1986). In addition, "[u]nder federal contract principles . . . an oral settlement agreement can be enforced unless the parties expressly agree not to be bound until the agreement is reduced to writing." Cornell v. Delco Electronics Corp., 103 F. Supp. 2d 1116, 1120 (S.D. Ind. 2000). Accordingly, the question here is whether the February 13, 2008 phone call between the state and plaintiff merely constituted an agreement to make an agreement

---

[1] Plaintiff maintains that contrary to the state's argument, he in fact signed the agreement on February 23, 2008 and mailed it back to defendant that same day. See Mot. to Vacate Orders filed 3/27/08 (Dock. No. 83), Ex. A.

1 (which would be unenforceable), or if a settlement had in fact been
2 reached, but simply needed to be memorialized in writing (which
3 would be enforceable).

4     While the state maintains that the plaintiff never orally
5 accepted any settlement offer[2] because he allegedly expressed
6 disinterest in a transfer offer that was not permanent, the tone
7 of the letter sent by the state the following day seems to suggest
8 that an agreement had already been reached. See Mot. to Vacate
9 Orders filed 3/27/08 (Dock. No. 83), Ex. A ("This letter is in
10 regards to our recent agreement to settle the above entitled
11 matter."). In addition, plaintiff argues that he in fact entered
12 into a settlement agreement with the state on February 13, 2008.
13 See Request for Reconsideration filed 6/2/08 (Dock. No. 87) ("On
14 February 13, 2008 . . . plaintiff negotiated and entered into a
15 'settlement agreement' with Mr. Christopher James Becker."). Thus,
16 plaintiff appears to maintains that he did in fact orally accept
17 the settlement offer.

18     In light of the conflicting accounts of what transpired during
19 the February 13, 2008 phone call, the court finds that an
20 evidentiary hearing is warranted. Accordingly, a hearing is SET
21 for August 15, 2008 at 10:00 a.m.

22     IT IS SO ORDERED.

23     DATED: July 10, 2008.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

26    [2] This assertion is contained in the state's supplemental briefing, but not in the accompanying declaration.

3